UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| YANEIRIS FERNANDEZ, | **22-cv-09275** |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| E & S PRODUCTS INC., MOBILE WEST, INC., and SOLLY KABANI, | |
| Defendants. | |

-----------------------------------------------------------X

Plaintiff, YANEIRIS FERNANDEZ ("Plaintiff"), as and for her Complaint against Defendants, E & S PRODUCTS INC. ("E&S Products"), MOBILE WEST, INC. ("Mobile West"), and SOLLY KABANI ("Kabani") (collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation, unpaid minimum wages, and for other relief.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

5. Plaintiff is an adult female who resides in the State of New York.

6. Upon information and belief, Kabani is an adult male who resides in the State of New York.

7. Upon information and belief, E&S Products is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, Mobile West is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

**FACTS**

9. Upon information and belief, E&S Products and Mobile West own and operate a Metro PCS retail cellular phone business that sells cell phones, accessories, and service plans to the public.

10. Upon information and belief, E&S Products and Mobile West own and operate a Metro PCS retail store located at 582 West 207th Street, New York, New York 10034.

11. Upon information and belief, E&S Products and Mobile West each maintain a corporate headquarters located at 582 West 207th Street, New York, New York 10034.

12. Upon information and belief, E&S Products and Mobile West each maintain a principal place of business located at 582 West 207th Street, New York, New York 10034.

13. Plaintiff is a former employee of Defendants at their Metro PCS retail store located at 582 West 207th Street, New York, New York 10034.

14. Upon information and belief, E&S Products and Mobile West are part of a single integrated enterprise that jointly employed Plaintiff.

15. Upon information and belief, E&S Products and Mobile West's operations are interrelated and unified.

16. Upon information and belief, E&S Products and Mobile West share common management, are centrally controlled, and share common ownership by Kabani.

17. Upon information and belief, E&S Products and Mobile West share employees, equipment, and supplies.

18. Upon information and belief, E&S Products and Mobile West maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

19. Upon information and belief, at all relevant times, Kabani was a shareholder, owner, officer, director, and/or managing agent of E&S Products and Mobile West.

20. Upon information and belief, at all relevant times, E&S Products and Mobile West were owned, operated, and/or controlled by Kabani.

21. Upon information and belief, at all relevant times, Kabani exercised operational control over E&S Products and Mobile West, controlled significant business functions of E&S Products and Mobile West, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of E&S Products and Mobile West in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

22. Upon information and belief, at all relevant times, Kabani participated in running the daily operations of E&S Products and Mobile West and their Metro PCS retail store.

23. Upon information and belief, at all relevant times, Kabani participated in the management and supervision of the employees employed by E&S Products and Mobile West.

24. Defendants had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

25. Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

26. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

27. Plaintiff was employed by Defendants from on or about March 19, 2021 until on or about August 8, 2022.

28. At all times relevant to this action, Plaintiff was employed as a retail clerk for the benefit of and at the direction of Defendants at their Metro PCS retail store.

29. Plaintiff's primary duty was to assist customers and operate the cash register.

30. Plaintiff was not required to sign-in or -out of her shifts.

31. Upon information and belief, Defendants did not maintain time records for the hours that Plaintiff worked each shift.

32. Throughout her employment, Plaintiff typically worked five (5) days per week with Tuesday and Saturday off.

33. Throughout her employment, on Sunday, Monday, Wednesday, Thursday, and Friday, Plaintiff worked from about 10:00 a.m. when the Metro PCS retail store opened until about 7:30 p.m. when it closed, without uninterrupted breaks.

34. Throughout her employment, Plaintiff generally worked about forty-seven and one-half (47.5) hours per week.

35. Throughout Plaintiff's employment, Defendants paid her $120.00 per day, regardless of the number of hours she worked each week.

36. Throughout her employment, Defendants paid Plaintiff on a weekly basis in cash.

37. Throughout her employment, Defendants did not pay Plaintiff overtime compensation for any hours that she worked in excess of forty (40) hours each week.

38. Throughout her employment, Defendants did not pay Plaintiff at a rate of one and one-half times her regular rate of pay for any hours that she worked in excess of forty (40) hours each week.

39. Throughout her employment, Defendants did not pay Plaintiff the statutory minimum wage rate for all hours worked.

40. Defendants did not provide Plaintiff with a notice and acknowledgment of payrate and pay day, or any other type of wage notice, at the time of her hiring or at any other time thereafter, as required by NYLL § 195(1).

41. Throughout her employment, Defendants did not provide Plaintiff with complete and accurate earnings statements, paystubs, cash receipts, or any other type of wage statement along with her weekly earnings, as required by NYLL § 195(3).

42. Kabani participated in the decision to hire Plaintiff.

43. Kabani participated in deciding the manner in which Plaintiff was paid.

44. Kabani participated in setting Plaintiff's work schedule.

45. Kabani participated in deciding the hours that Plaintiff worked each week.

46. Kabani participated in deciding the job duties that Plaintiff performed on a daily basis.

47. Kabani participated in the daily supervision of Plaintiff's duties.

48. Kabani participated in running the day-to-day operations of E&S Products and Mobile West.

49. Defendants managed Plaintiff's employment, including the amount of overtime worked and the amount of wages paid.

50. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

51. Defendants were aware of Plaintiff's work hours but failed to pay her the full amount of wages to which she was and is entitled under the law.

52. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ*.
## FAILURE TO COMPENSATE FOR OVERTIME

53. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

54. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

55. Defendants were and are subject to the overtime pay requirements of the FLSA because E&S Products and Mobile West are enterprises or a joint enterprise engaged in interstate commerce or in the production of goods for interstate commerce.

56. At all times relevant to this Complaint, E&S Products and Mobile West had, and continue to have, two or more employees handle goods or materials that have moved in interstate

6

commerce, including Plaintiff who handled retail merchandise that originated outside of the State of New York.

57. Upon information and belief, the gross annual volume of sales made or business done by E&S Products for each applicable year was not less than $500,000.00, individually or jointly.

58. Upon information and belief, the gross annual volume of sales made or business done by Mobile West for each applicable year was not less than $500,000.00, individually or jointly.

59. Additionally, Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce within the scope of her job duties.

60. At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

61. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

62. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

63. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

64. However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

65. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

66. Defendants have not acted in good faith with respect to the conduct alleged herein.

67. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

68. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

69. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

70. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

71. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

72. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week.

73. Plaintiff is not exempt from the overtime provisions of the New York Labor Law, because she does not meet the requirements for any of the reduced number of exemptions available under New York law.

74. Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

75. Defendants have not acted in good faith with respect to the conduct alleged herein.

76. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

77. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

78. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

79. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

80. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

81. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## **FAILURE TO PROVIDE WAGE NOTICES**

82. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

83. Defendants willfully failed to furnish Plaintiff with a wage notice upon hiring, or at any time thereafter, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

84. Through their knowing and intentional failure to provide Plaintiff with a wage notice, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

85. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## **FAILURE TO PROVIDE WAGE STATEMENTS**

86. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

87. Defendants have willfully failed to provide Plaintiff with written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of

employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

88. Through their knowing and intentional failure to provide Plaintiff with wage statements, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

89. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

   1. Willfully violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

   2. Willfully violated the provisions of the NYLL by failing to pay overtime and minimum wages to Plaintiff;

   3. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award interest on all unpaid wages due accruing from the date such amounts were due;

E.        Award all statutory damages under the NYLL;

F.        Award attorneys' fees and costs incurred in prosecuting this action; and

G.        Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
October 28, 2022

THE NHG LAW GROUP, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to the filing of this lawsuit against E & S Products Inc., Mobile West, Inc., and Solly Kabani in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: October 28, 2022

By: Yaneiris Fernandez